# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 5 2003

at ____ o'clock and ___ 3½ ___ min. ___ M.
WALTER A. Y. H. CHINN, CLERK

McCORRISTON MILLER MUKAI MacKINNON LLP

WILLIAM C. McCORRISTON        995-0
JONATHAN H. STEINER           6084-0
BECKY T. CHESTNUT             7756-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii  96813
Telephone: 529-7300

Attorneys for Defendant
STATE FARM FIRE AND CASUALTY COMPANY


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII


| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, BOARD OF DIRECTORS OF ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM INSURANCE; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE | CIVIL NO. **CV03 00312 HG BMK** <br> (Class Action) <br><br> DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S NOTICE OF REMOVAL; EXHIBIT "A"; CERTIFICATE OF SERVICE |

54657_1.DOC

```
PARTNERSHIPS 1-10 and DOE   )
GOVERNMENTAL ENTITIES 1-10, )
                            )
           Defendants.      )
_____ )
```

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY's NOTICE OF REMOVAL

Defendant STATE FARM FIRE AND CASUALTY COMPANY (named in the Complaint as STATE FARM INSURANCE) ("State Farm"), by and through its attorneys, McCorriston Miller Mukai MacKinnon LLP, pursuant to 28 U.S.C. § 1441 and § 1446, hereby files notice of the removal of this action from the Circuit Court of the First Circuit, State of Hawaii to the United States District Court for the District of Hawaii.

This action was commenced in the Circuit Court of the First Circuit, State of Hawaii, and docketed as Association of Apartment Owners of the Bougainville v. State Farm Insurance, Civil No. 03-1-1166-06. True and accurate copies of all pleadings filed in the First Circuit Court in this action are attached hereto as Exhibit "A".

I.    JURISDICTION

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship) in that there is complete diversity between the parties and the amount in controversy is

54657_1.DOC

greater than $75,000.00, exclusive of interest and
costs.

Plaintiff Association of Apartment Owners of The
Bougainville contends it was at all times relevant a
condominium association duly organized under the laws
of the State of Hawaii pursuant to the requirements of
Hawaii Revised Statutes chapter 514A. See Exhibit "A"
at ¶8. Plaintiff Board of Directors of Association of
Apartment Owners of The Bougainville contends it was at
all times relevant a board of directors of a
condominium association duly organized under the laws
of the State of Hawaii pursuant to the requirements of
Hawaii Revised Statutes chapter 514A. Id. State Farm
has its principal place of business in Bloomington,
Illinois. Complete diversity existed at the time of
filing and as of the time of this Notice of Removal.

As to the amount in controversy, Plaintiffs claim,
inter alia, violation of Hawaii Revised Statutes
section 431:10E-102 and violation of Hawaii Revised
Statutes chapter 480. See Exhibit "A". Plaintiffs
thus seek recovery of special damages, general damages,
consequential damages, punitive and/or exemplary
damages, interest and attorneys' fees and costs,
including application of various equitable remedies.
Id. at 13. In their Request to Exempt Case from the
Court Annexed Arbitration Program, Plaintiffs claim
that the probable jury award value, exclusive of

attorneys' fees, interest and costs, exceeds $150,000.[1]
Accordingly, this action is removable pursuant to 28
U.S.C. § 1441 and § 1446.

Plaintiffs' Complaint and Plaintiffs' Request to
Exempt Case from the Court-Annexed Arbitration Program
are the only documents filed in this action in the
First Circuit Court and served upon State Farm.

Plaintiffs served their Complaint upon State Farm
on June 16, 2003.  This Notice of Removal comes within
30 days after service of the Complaint and is,
therefore, timely filed under 28 U.S.C. Section
1446(b).

WHEREFORE, State Farm respectfully gives notice
that this action is hereby removed to this Court.

DATED:  Honolulu, Hawaii,  _____JUN 25 2003_____.


_____
WILLIAM C. MCCORRISTON
JONATHAN H. STEINER
BECKY T. CHESTNUT

Attorneys for Defendant
STATE FARM FIRE AND CASUALTY
COMPANY

---

[1] For purposes of determining the amount in controversy
for diversity jurisdiction, a federal court can accept
an admission by plaintiff's attorney.  Singer v. State
Farm, 116 F.3d 373, 376-77 (9th Cir. 1997).

54657_1.DOC

# ORIGINAL

MSS

OF COUNSEL:

DAVIS LEVIN LIVINGSTON GRANDE

THOMAS R. GRANDE        3954-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawai`i  96813
Telephone:  (808) 524-7500
Facsimile:  (808) 545-7802

BRONSTER CRABTREE & HOSHIBATA

JEFFREY P. CRABTREE    3405-0
ROBERT M. HATCH        7724-0
Pauahi Tower
1001 Bishop Street, Suite 2300
Honolulu, Hawai`i  96813
Telephone:  (808) 524-5644
Facsimile:  (808) 599-1881

Attorneys for Plaintiffs

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2003 JUN -5 AM 10: 45

H. CHING
CLERK

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI`I

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, BOARD OF DIRECTORS OF ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM INSURANCE; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 AND DOE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | CIVIL NO.  03-1-1166-06<br>(Class Action)<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; AND SUMMONS TO ANSWER CIVIL COMPLAINT |

# EXHIBIT A

## COMPLAINT

Representative Plaintiffs ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE AND THE BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE (collectively "AOAO Bougainville" or "Representative Plaintiffs" or "Class Representatives") through their attorneys, Davis Levin Livingston Grande and Bronster, Crabtree & Hoshibata, file this Complaint against Defendant above-named ("State Farm" or "Defendant") and allege as follows:

## INTRODUCTION

1.   This class action is for declaratory relief and monetary damages on behalf of all associations of apartment owners ("condominium associations") in the State of Hawai`i who were insured by State Farm Insurance.  State Farm Insurance issued similar policies of insurance to all putative class members through standardized pre-printed form disclosures called a "Condominium/Association Policy."

2.   The Condominium/Association Policy used by State Farm to insure condominium associations in the state of Hawaii contained similar inflation provisions that inflated on an annual basis both the applicable amounts of coverage and the corresponding insurance premium.  The inflation rate was determined on an annual basis by State Farm and each succeeding year's declaration page issued to State Farm condominium insureds contained an inflation factor for that year.

3.   State Farm's use of an inflation factor for each year it insured a condominium resulting in its sale to Representative Plaintiffs and all potential class members of more insurance than was necessary to cover the replacement value of the

2

condominium. State Farm's sale of "overinsurance" to Representative Plaintiffs and class members is prohibited by the Hawai`i Insurance Code.

4.    In this case, Representative Plaintiffs, on their own behalf and on behalf of all condominium associations in the state of Hawai`i seek a return of excessive charges imposed by State Farm in violation of Hawai`i law.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction to hear the claims in this Complaint pursuant to H.R.S. § 603-21.5.

6.    This Court has personal jurisdiction over Defendant pursuant to H.R.S. § 634-35. Among other things, Defendant, in person and/or through agents, has transacted business and committed unfair and deceptive trade practices within the State of Hawai`i, has made and performed contracts substantially connected with the State of Hawai`i and has contracted to insure persons and risks in the State of Hawai`i.

7.    Venue is appropriate in this Circuit pursuant to H.R.S. § 603-36.

## PARTIES

### PLAINTIFFS

8.    At all times relevant, Representative Plaintiff Association of Apartment Owners of The Bougainville was and is a condominium association duly organized under the laws of the state of Hawai`i pursuant to the requirements of HRS Chapter 514A.

9.    At all times relevant, Representative Plaintiff Board of Directors of Association of Apartment Owners of The Bougainville was and is a board of directors of

a condominium association duly organized under the laws of the state of Hawai`i

pursuant to the requirements of HRS Chapter 514A.

DEFENDANT

      10.    Defendant State Farm Insurance is an Illinois corporation doing

business in the state of Hawai`i as "State Farm." At all times relevant, State Farm has

been authorized by the State of Hawai`i Insurance Commissioner to engage in the sale of

property damage insurance to condominium associations in the state of Hawai`i.

      11.    Defendant State Farm issues the Condominium/Association

insurance policy sold to Representative Plaintiffs and Class Members.

      12.    Defendants John Does 1-10, Jane Does 1-10, Doe Corporations 1-

10, Doe Partnerships 1-10, and Doe Governmental Entities 1-10 are sued herein under

fictitious names for the reason that, despite diligent and good faith efforts to obtain

information, their true names and identities are presently unknown to Representative

Plaintiffs, except that they were connected in some manner with the named Defendant or

one or more of them and/or are employees, employers, agents, representatives, co-

venturers, State Farm, vendors, suppliers, manufacturers, subcontractors, contractors or

consultants of the named Defendant; and/or were in some manner presently unknown to

Representative Plaintiffs, engaging in the activities alleged herein; and /or were in some

manner responsible for the injuries or damages to Representative Plaintiffs; and that their

true names, identities, capacities, activities and/or responsibilities are presently unknown

to Representative Plaintiffs and their attorneys. Representative Plaintiffs ask leave of this

Court to identify the Doe Defendants if and when their identities are ascertained.

13.     At all times relevant, each of the Defendants has acted in a joint venture and/or common enterprise with the other Defendants.  In addition, each Defendant is the agent, instrumentality and/or alter ego of the other Defendants. Accordingly, each Defendant is liable for the acts of the other Defendants and Defendants should be treated as a single entity for the purpose of assigning liability.

## HAWAI'I LAW PROHIBITS THE SALE OF EXCESSIVE INSURANCE

14.     Hawai'i Revised Statute §431:10E-102 prohibits the following:

(c) No person shall knowingly issue, place, procure, or accept any insurance contract which would result in over-insurance of the property or interest therein proposed to be insured, except as is provided in section 431:10E-103.

15.     The statute states that over-insurance exists if "property or an insurable interest in the property is insured by one or more insurance contracts against the same hazard in *any amount in excess of the actual cash value of the property* or of such interest, as determined as of the effective date of the insurance or of any renewal thereof."  HRS §431:10E-102 (a)(emphasis added).

## COMMON FACTUAL ALLEGATIONS

16.     AOAO The Bougainville (hereinafter "AOAO"), a 141-unit townhouse association located in Aiea, purchased its property insurance from State Farm from July 12, 1984 to 2001.  The original valuation for the replacement value of the property was $17,862,808.  While the factual basis of the original appraisal is unclear, State Farm Insurance annually increased its valuation of the subject property, as well as the accompanying insurance premium as a matter of policy.  The most recent valuation totaled $30,990,700.

17.     One resident purchased his townhouse unit in 1990, and purchased fee interest from Bishop Estate around 1994, for a total payment of approximately

$265,000. Owing to the depression of market values during the past decade, along with the pressures and uncertainties attaching to Bishop Estates sales prices for the fee interests, the appraised value of townhouses have drastically declined. The most recent sales of similarly sized townhouses at the Bougainville have been for approximately $150,000, or about a **43% decline** in market value. In the same ten-year period, State Farm has charged the AOAO for a **59% increase** as the replacement value of the subject property.

     18.    As a result of this discrepancy, representatives of both State Farm Insurance and the AOAO have exchanged a number of letters. The first letter, dated October 8, 2001, was from Mike Gosiaco of State Farm to AOAO acknowledging that "the current insurance coverage limit might exceed what would be necessary to replace your building." In response, on November 15, 2001 Lillian McCarthy of Certified Management (property manager for the AOAO) wrote Gerald Lee, a sales agent for State Farm, addressing State Farm's belief that the actual replacement value of the subject property is $19,000,000. On December 28, 2001, Dean Hosni, CPCU of State Farm claimed that State Farm has "been consistent in charging accurate premium for the coverage amount requested."

     19.    The Vice President of AOAO, Bougainville, Lawrence Cohen wrote to Mr. Hosni informing him that the AOAO has not, at any time, independently assessed the replacement value of the property or determined (or approved) any inflationary increase for coverage or premium. Instead, the AOAO relied upon the special skill and knowledge of State Farm, its agents, and representatives.

20.     In response, State Farm stated that the State Farm Insurance Condominium/Association Policy authorized the automatic increase in policy limits and (by implication) the automatic increase in premiums because of the increased policy limits.

21.     It was State Farm's policy to systematically include in its insurance policies uniform clauses that authorized an automatic annual increase in policy limits and thereby an automatic commensurate increase in premiums as well.  These uniform clauses based annual increases on an inflation factor.  It was also State Farm's policy to systematically apply this inflation factor annually when calculating policy limits and premiums on each policy.

22.     The value changes due to the inflationary increases are what are currently in dispute.

## CLASS ACTION ALLEGATIONS

23.     Representative Plaintiffs bring this case as a class action under Hawaii Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) on behalf of themselves and as representatives of a class ("the Class") as follows:

> All condominium associations registered under HRS Chapter 514A who, during the period from January 1, 1984 through the present (the "Class Period"), were insured by State Farm Insurance using a standardized form document entitled "Condominium/Association Policy".

24.     Excluded from the Class are:  (a) the Defendant; (b) Defendant's subsidiaries, parents, and affiliates, including all directors, officers, and employees thereof; (c) members of the immediate family of any of the foregoing, if natural persons;

(d) the legal representatives, heirs, successors, and assigns of any of the foregoing and (e) any person in which any of the foregoing has a controlling interest.

25.    Class requirements under Rule 23(a) are met in that:

a.    The Class is so numerous that joinder of all members is impracticable.  On information and belief, State Farm has issued hundreds of policies of insurance substantially similar to the policy of insurance issued to Representative Plaintiffs.  State Farm is in possession of a complete list of all consumers to whom it sold condominium insurance in the State of Hawaii during the Class Period.

b.    There are questions of law and fact common to the Class, i.e., all Class Members have been sold similar insurance policies through a pre-printed standardized form policy and all Class Members have suffered similar damages from the purchase of insurance policies.

c.    The questions of law relating to liability that are common to the Class are the duty of State Farm not to engage in the practice of overinsuring its insureds pursuant to similar written form documents given to each Class Member.

d.    The questions of fact relating to liability which are common to the Class is State Farm's breach of its statutory and common law duty not to overinsure its insureds.

e.    The questions of fact relating to damages that are common to the Class are monetary damages each has suffered, i.e., the return of premium payments made for overinsurance.

f.    The claims of the Representative Plaintiffs are typical of the claims of the Class because the Representative Plaintiffs and all the Class Members

were damaged by the same wrongful conduct committed by State Farm as alleged herein. The Representative Plaintiffs and the Class Members have had condominium policies sold to them by State Farm

        g.     The Representative Plaintiffs will fairly and adequately represent the interests of the Class. The interests of the Representative Plaintiffs are coincident with, and not antagonistic to, those of the Class. In addition, the Representative Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action cases.

      26.     Class Requirements under Rule 23(b)(2) are met in that Defendant State Farm has acted on grounds generally applicable to the class through sale of excessive insurance to its policyholders, thereby making appropriate declaratory relief with respect to the class as a whole.

      27.     Class Requirements under Rule 23(b)(3) are met in that:

        a.     The following questions of law and fact common to the members of the class are important and predominate over any questions affecting only individual members because State Farm has acted on grounds generally applicable to the Class:

        (i)     State Farm has issued condominium insurance policies to all Class Members;

        (ii)     The legal obligations of State Farm to not sell excessive insurance to its policy holders;

        (iii)     The conduct of State Farm in selling excessive insurance to its policy holders;

(iv)    Whether State Farm is liable to Class Members for the sale of excessive insurance to its policy holders;

(v)    Whether State Farm is liable to Class Members for unfair and deceptive trade practices in violation of HRS Chapter 480;

(vi)    Whether State Farm acted knowingly, recklessly or in a willful and wanton manner and/or in reckless disregard to the rights of Class Members, and

(vii)    Damages to the members of the Class.

b.    Class action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of the controversy. Separate cases could produce varying adjudications with respect to individual members, resulting in conflicting and incompatible standards of conduct.

## FIRST COUNT – VIOLATION OF HRS SECTION 431:10E-102

28.    Representative Plaintiffs incorporate by reference and reallege the above allegations.

29.     The conduct and/or omissions of State Farm violate HRS section 431:10E-102, which prohibits the sale of excessive property insurance in the state of Hawaii.

## SECOND COUNT – VIOLATION OF HRS  CHAPTER 480

30.     The Representative Plaintiffs incorporate by reference and reallege the allegations contained above.

31.     The conduct and/or omissions of State Farm constitute unfair and/or deceptive trade practices as described in H.R.S. Chapter 480, thereby legally causing damages to the Representative Plaintiffs and the Class Members.

## THIRD COUNT –  DECLARATORY RELIEF

32.     Representative Plaintiffs incorporate by reference and reallege the above allegations.

33.     By reason of the foregoing, Representative Plaintiffs and Class Members seek a declaration declaring that 1) State Farm's conduct violated HRS section 431:10E-102 and 2) Representative Plaintiffs and Class Members are entitled to refunds of all premiums, and other costs and charges paid with respect to property insurance they were sold by State Farm.

## FOURTH COUNT – UNJUST ENRICHMENT

34.     Representative Plaintiffs incorporate by reference and reallege the above allegations.

35.     By reason of the foregoing, Defendants have been unjustly enriched at the expense of and to the detriment of Class Members and Defendants should return to Class Members all amounts by which they have been unjustly enriched.

## FIFTH COUNT – RESTITUTION

36.    Representative Plaintiffs incorporate by reference and reallege the above allegations.

37.    By reason of the foregoing, Defendants have been unjustly enriched at the expense of and to the detriment of Class Members and Defendants should give restitution to Class Members all amounts that they have improperly charged.

## FOURTH COUNT – DISGORGEMENT

38.    Representative Plaintiffs incorporate by reference and reallege the above allegations.

39.    By reason of the foregoing, Defendants have been unjustly enriched at the expense of and to the detriment of Class Members and Defendants should disgorge to Class Members all amounts by which they have improperly charged.

## FIFTH COUNT – PUNITIVE DAMAGES

40.    Representative Plaintiffs incorporate by reference and reallege the allegations contained in above.

41.    State Farm conduct was knowingly, recklessly or in a willful and wanton manner and/or in reckless disregard to the rights of Class Members.

Wherefore, plaintiffs, for themselves and the other members of the class, request and demand judgment against Defendants, jointly and severally as follows:

1.    To declare and define the class as requested and give notice to all potential class members in a form and manner to be determined by the Court upon the Representative Plaintiffs' motion to certify the class;

2.    For declaratory and equitable relief as the Court deems just under the premises, including application of the remedies of unjust enrichment and/or disgorgement as appropriate;

3.    For special and general damages as the evidence may warrant at trial;

4.    For consequential damages as the evidence may warrant at trial;

5.    For treble and/or punitive damages as the evidence may warrant at trial;

6.    For prejudgment and post judgment interest;

7.    For their reasonable costs and attorneys' fees; and/or

8.    For such other and further relief that this Court deems appropriate.

Dated:  Honolulu, Hawaii, June 5, 2003.

THOMAS R. GRANDE
Attorney for Plaintiffs

13

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, BOARD OF DIRECTORS OF ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, individually and on behalf of all others similarly situated, | CIVIL NO. _____<br>(Class Action)<br><br>**DEMAND FOR JURY TRIAL** |
| vs. | |
| STATE FARM INSURANCE; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 AND DOE GOVERNMENTAL ENTITIES 1-10, | |
| Defendants. | |

## DEMAND FOR JURY TRIAL

Plaintiffs above-named, by and through their attorneys, Davis Levin

Livingston Grande and Bronster Crabtree and Hoshibata, hereby request trial by jury in the

above-entitled matter.

DATED:  Honolulu, Hawaii, June 5, 2003.

THOMAS R. GRANDE
Attorney for Plaintiffs

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAI`I

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, BOARD OF DIRECTORS OF ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, individually and on behalf of all others similarly situated,<br><br>vs.<br><br>STATE FARM INSURANCE; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 AND DOE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. _____<br>(Class Action)<br><br>SUMMONS TO ANSWER CIVIL COMPLAINT |

### SUMMONS TO ANSWER CIVIL COMPLAINT

STATE FARM INSURANCE

To the above-named Defendants:

You are hereby summoned and required to serve upon Plaintiffs' attorneys, whose address is **DAVIS LEVIN LIVINGSTON GRANDE, 851 Fort Street, 4th Floor, Honolulu, Hawai`i 96813-4317,** an answer to the Complaint which is attached. This action must be taken within **twenty (20) days** after service of this summons upon you, exclusive of the day of service. If you fail to make your answer within the twenty (20) day time limit, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:  Honolulu, Hawai`i _____ **JUN 5  2003** _____ .


_____
CLERK OF THE ABOVE ENTITLED COURT

ORIGINAL                                               MSS

OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2003 JUN -5 AM 10: 46



H. CHING
CLERK

THOMAS R. GRANDE       3954-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawai`i  96813
Telephone:  (808) 524-7500
Facsimile:  (808) 545-7802

BRONSTER CRABTREE & HOSHIBATA

JEFFREY P. CRABTREE     3405-0
ROBERT M. HATCH        7724-0
Pauahi Tower
1001 Bishop Street, Suite 2300
Honolulu, Hawai`i  96813
Telephone:  (808) 524-5644
Facsimile:  (808) 599-1881

Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, BOARD OF DIRECTORS OF ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM INSURANCE; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 AND DOE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | CIVIL NO.  03-1-1166-06<br><br>(Class Action)<br><br>**REQUEST TO EXEMPT CASE FROM THE COURT ANNEXED ARBITRATION PROGRAM; SUMMARY OF FACTS** |

<u>**REQUEST TO EXEMPT CASE FROM THE COURT ANNEXED ARBITRATION PROGRAM**</u>

Plaintiffs, above-named, by and through their counsel, Davis Levin Livingston Grande, hereby request that the above-entitled matter be exempt from the Court Annexed Arbitration Program, as the probable jury award value, not reduced by the issue of liability, and exclusive of attorneys' fees, interest and costs, is in excess of $150,000.

This request is made pursuant to Rule 8(a) of the Hawaii Arbitration Rules, as amended, and the Summary of Facts attached hereto.

DATED:  Honolulu, Hawaii, June 5, 2003.

THOMAS R. GRANDE
Attorney for Plaintiff

2

## SUMMARY OF FACTS

This is a class action lawsuit for declaratory relief and monetary damages on behalf of all associations of apartment owners ("condominium associations") in the State of Hawaii who are insured by State Farm Insurance.  State Farm Insurance issued similar policies of insurance to all putative class members through standardized pre-printed form disclosures called a "Condominium Policy."

The Condominium Policy used by State Farm to insure condominium associations in the state of Hawaii contained similar inflation provisions that inflated on an annual basis both the applicable amounts of coverage and the corresponding insurance premium.  The inflation rate was determined on an annual basis by State Farm and each succeeding year's declaration page issued to State Farm condominium insureds contained an inflation factor for that year.

State Farm's use of an inflation factor for each year it insured a condominium resulted in its sale to Representative Plaintiffs and all potential class members more insurance than was necessary to cover the replacement value of their condominium.  State Farm's sale of "overinsurance" to Representative Plaintiffs and class members is prohibited by the Hawai`i Insurance Code.

In this case, Representative Plaintiffs, on their own behalf and on behalf of all condominium associations in the state of Hawai`i seek a return of excessive charges imposed by State Farm in violation of Hawai`i law.  The expected class size is hundreds of condominium associations.

Based upon the foregoing, the probable jury award value, not reduced by the issue of liability and exclusive of attorneys' fees, interests and costs, is expected to exceed $150,000.

DATED:  Honolulu, Hawaii, June 5, 2003.


_____
THOMAS R. GRANDE
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT ) <br> OWNERS OF THE BOUGAINVILLE, ) <br> BOARD OF DIRECTORS OF ) <br> ASSOCIATION OF APARTMENT ) <br> OWNERS OF THE BOUGAINVILLE, ) <br> individually and on behalf ) <br> of all others similarly ) <br> situated, ) <br> ) <br>         Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> STATE FARM INSURANCE; JOHN ) <br> DOES 1-10, JANE DOES 1-10, ) <br> DOE CORPORATIONS 1-10, DOE ) <br> PARTNERSHIPS 1-10 and DOE ) <br> GOVERNMENTAL ENTITIES 1-10, ) <br> ) <br>         Defendants. ) <br> ———————————————————— ) | CIVIL NO. _____ <br> (Class Action) <br><br> CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of

the within document will be duly served on the

following at their addresses listed below, by means of

hand delivering a copy of same to them on  JUN 2 5 2003  _____ .

THOMAS R. GRANDE, ESQ.
400 Davies Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawaii  96813
   and
JEFFREY P. CRABTREE, ESQ.
ROBERT M. HATCH, ESQ.
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii  96813

Attorneys for Plaintiffs


DATED:  Honolulu, Hawaii, _____JUN 2 5 2003_____.


_____
WILLIAM C. MCCORRISTON
JONATHAN H. STEINER
BECKY T. CHESTNUT

Attorneys for Defendant
STATE FARM FIRE AND CASUALTY
COMPANY