DAVIS LEVIN LIVINGSTON GRANDE

THOMAS R. GRANDE   3954-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawai'i  96813
Telephone:  (808) 524-7500
Facsimile:  (808) 545-7802

BRONSTER CRABTREE & HOSHIBATA

JEFFREY P. CRABTREE   3405
ROBERT M. HATCH   7724
Pauahi Tower
1001 Bishop Street, Suite 2300
Honolulu, Hawai'i  96813
Telephone:  (808) 524-5644
Facsimile:  (808) 599-1881

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, BOARD OF DIRECTORS OF ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs. | CIVIL NO. CVO3 00312 HG BMK<br>(Class Action)<br><br>**NOTICE OF HEARING OF PLAINTIFFS' MOTION FOR REMAND; MOTION FOR REMAND; MEMORANDUM IN SUPPORT OF MOTION FOR REMAND; CERTIFICATE OF SERVICE** |
|---|---|

| | |
|---|---|
| STATE FARM INSURANCE; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 AND DOE GOVERNMENTAL ENTITIES 1-10,<br><br>    Defendants. | Date:<br>Time:<br>Judge: Magistrate Judge Barry M. Kurren |

### NOTICE OF HEARING OF PLAINTIFFS' MOTION FOR REMAND

TO:   William C. McCorriston, Esq.
Jonathan H. Steiner, Esq.
Becky T. Chestnut, Esq.
McCorriston Miller Mukai MacKinnon LLP
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, HI 96813

NOTICE IS HEREBY GIVEN that PLAINTIFFS' MOTION FOR REMAND shall come on for hearing before the Honorable Magistrate Judge Barry M. Kurren, Judge of the above-entitled court, in his courtroom in the Prince Jonah Kuhio Kalanianaole Federal Building, 300 Ala Moana Boulevard, Honolulu, Hawaii at _____ .m. on _____, or as soon thereafter as counsel can be heard.

DATED: Honolulu, Hawai'i, July ___, 2003.

JEFFREY P. CRABTREE
ROBERT M. HATCH
Attorneys for Plaintiff

DAVIS LEVIN LIVINGSTON GRANDE

THOMAS R. GRANDE   3954-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawai`i  96813
Telephone: (808) 524-7500
Facsimile: (808) 545-7802

BRONSTER CRABTREE & HOSHIBATA

JEFFREY P. CRABTREE   3405
ROBERT M. HATCH   7724
Pauahi Tower
1001 Bishop Street, Suite 2300
Honolulu, Hawai`i  96813
Telephone: (808) 524-5644
Facsimile: (808) 599-1881

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, BOARD OF DIRECTORS OF ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, individually and on behalf of all others similarly situated,<br><br>vs.<br><br>STATE FARM INSURANCE; JOHN DOES 1-10, JANE DOES 1-10, DOE | CIVIL NO. CVO3 00312 HG BMK<br>(Class Action)<br><br>**PLAINTIFFS' MOTION FOR REMAND** |

CORPORATIONS 1-10, DOE
PARTNERSHIPS 1-10 AND DOE
GOVERNMENTAL ENTITIES 1-10,

       Defendants.

## PLAINTIFFS' MOTION FOR REMAND

Plaintiffs ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, BOARD OF DIRECTORS OF ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, individually and on behalf of all others similarly situated, through their counsel, Bronster Crabtree & Hoshibata and Davis Levin Livingston Grande, move pursuant to Rule 7 of the Federal Rules of Civil Procedure, LR7.1 and LR7.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii and 28 U.S.C. 1447 to remand this action to State Court because this Court lacks jurisdiction over this matter. In addition, Plaintiffs seek an award of attorneys' fees in an amount to be submitted to the Court pursuant to 28 U.S.C. 1447 because Defendants' removal of this action from Hawaii Circuit Court was improper because 1) the notice is defective because the notice fails to set forth underlying facts in support of Defendants' claim of jurisdiction in excess of the $75,000 jurisdictional amount and 2) Defendants

2

have not met their burden to establish as a matter of fact that the amount in controversy or jurisdictional amount is met.

This motion is based upon the attached memorandum, the record and files in this case.

DATED: Honolulu, Hawai'i, July 13, 2003.

_____
JEFFREY P. CRABTREE
ROBERT M. HATCH
Attorneys for Plaintiff

DAVIS LEVIN LIVINGSTON GRANDE

THOMAS R. GRANDE   3954-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawai`i   96813
Telephone:  (808) 524-7500
Facsimile:  (808) 545-7802

BRONSTER CRABTREE & HOSHIBATA

JEFFREY P. CRABTREE     3405
ROBERT M. HATCH         7724
Pauahi Tower
1001 Bishop Street, Suite 2300
Honolulu, Hawai`i   96813
Telephone:  (808) 524-5644
Facsimile:  (808) 599-1881

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, BOARD OF DIRECTORS OF ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, individually and on behalf of all others similarly situated,<br><br>vs.<br><br>STATE FARM INSURANCE; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE | CIVIL NO. CV03 00312 HG BMK<br>(Class Action)<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR REMAND** |

4

PARTNERSHIPS 1-10 AND DOE
GOVERNMENTAL ENTITIES 1-10,

        Defendants.

## MEMORANDUM IN SUPPORT OF MOTION FOR REMAND

Plaintiffs move to remand this class action to State Court because Defendants have failed to meet their burden to show that the amount in controversy exceeds $75,000 as required for removal jurisdiction. Defendants' argue that the amount in controversy exceeds $150,000 based on an aggregation of the claims of all of the putative class members. Because only the named plaintiffs' claims can be considered when determining removal jurisdiction, Defendants' reliance on the aggregated amount is insufficient to carry their burden to show removal jurisdiction, and Plaintiffs' motion should be granted.

### I.    FACTUAL BACKGROUND

Plaintiffs filed this case against Defendants on June 5, 2003 in Hawaii Circuit Court. Complaint, p. 1.[1] On behalf of themselves and a class

---

[1] For purposes of determining jurisdiction the Court should presume the allegations in the Complaint are true. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

of over one hundred other condominium associations, Plaintiffs seek to recover damages for Defendants' practice of overcharging for insurance by annually inflating the amount of coverage and the corresponding premiums on its condominium policies. Complaint, ¶¶ 1-4.

Defendants automatically apply an annual inflation factor without regard to any change in the actual value of the insured condominiums. Complaint, ¶¶ 2, 21. This factor causes the amount of insurance to increase annually and quickly exceed what is necessary to completely cover the cost to replace the insured condominiums. Complaint, ¶ 3. Defendants' practice of selling "overinsurance" is a violation of the Hawaii Insurance Code, H.R.S., § 431:10E-102, and is an unfair and deceptive practice. Complaint, ¶ 14-15, 31. Plaintiffs seek, inter alia, a refund of all amounts paid for overinsurance. Complaint, ¶ 4.

## II.   PROCEDURAL BACKGROUND

Defendants filed a Notice of Removal on June 25, 2003 and alleged as the sole basis for federal jurisdiction that "there is complete diversity between the parties and the amount in controversy is greater than $75,000.00." Notice, pp. 2-3. The Complaint is silent as to the amount of damages claimed, and the Defendants offer no evidence to show the value of Plaintiffs' individual claims exceeds $75,000.

The only thing Defendants cite in support of their otherwise bald assertion that the jurisdictional minimum has been exceeded, is a statement in Plaintiffs' Request to Exempt Case from the Court Annexed Arbitration Program ("Request to Exempt"). Notice, pp. 3-4. Defendants' citation to the Request to Exempt is, however, misleading because it ignores the Summary of Facts that was attached thereto.

> The Summary of Facts states:
>
> In this case, Representative Plaintiffs, on their own behalf and on behalf of all condominium associations in the state of Hawai'i seek a return of excessive charges imposed by State Farm in violation of Hawai'i law. <u>The expected class size is hundreds of condominium associations</u>.
>
> <u>Based on the foregoing</u>, the probable jury award value, exclusive of attorneys' fees, interest and costs, is expected to exceed $150,000.

Request to Exempt Case from the Court Annexed Arbitration Program; Summary of Facts, pp. 3-4 (emphasis added).[2] Plaintiffs' Statement of Facts makes clear that Plaintiffs' reference to $150,000 was a reference to the value of the claims of the proposed class in the aggregate and not the value of Plaintiffs' individual claims.[3]

---

[2] The Request to Exempt and Summary of Facts were filed with the Complaint and are attached as part of Exhibit A to the Notice.
[3] Even if Plaintiffs had not explicitly cautioned that they were aggregating all class member claims when estimating the case's total value, the

7

### III. ARGUMENT

When a complaint is silent as to the amount, the Defendant has the burden to produce evidence that clearly shows the jurisdictional amount has been satisfied. The jurisdictional amount cannot be based on an aggregation of class member claims but must be based solely on the claims of the named plaintiff, alone. The only evidence that Defendant has offered in support of removal is Plaintiffs' representation that the claims of "hundreds" of class members when aggregated will exceed $150,000. This

---

Arbitration Rules themselves show that such aggregation is expected. Plaintiffs filed their Request to Exempt and Summary of Facts with their complaint as required by Court Annexed Arbitration Program Rules 6 and 8. Rule 8 provides in pertinent part:

> The court shall view all tort cases as arbitration eligible and automatically "in" the Program unless plaintiff certifies that his or her case has a value in excess of the jurisdictional amount of the Program, which is $150,000. Plaintiff shall file a request for exemption at the time of filing and such a request shall include a summary of facts, which support plaintiff's contentions.

Arbitration Rule 6 provides that all "tort cases" are subject to arbitration unless their "probable jury award value" is in excess of $150,000. Arbitration Rule 8 requires the plaintiff to certify the "value" of the "case," and Arbitration Rule 6 defines that value based on the amount a potential jury may award. None of the Arbitration Rules addresses class actions, but if Plaintiffs' "case" is certified as a class action and proceeds to trial before a jury, the "probable jury award" will include an aggregation of the damages to the class as a whole and will not be limited to Plaintiffs' individual claims. Thus, unlike the standards applicable to removal jurisdiction, the Arbitration Rules require plaintiffs to certify the aggregated value of the entire case and require the value of the case to be based on an aggregation of the total damages to all class members.

8

is inadequate to satisfy Defendants' burden, so the case should be remanded for lack of federal jurisdiction.

### A. The Burden Is On Defendant To Submit Evidence Showing The Amount In Controversy Exceeds $75,000.

Under 28 U.S.C. § 1332(a), Federal District Courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. The Federal Courts are courts of limited jurisdiction, and, therefore, the Ninth Circuit strictly construes the removal statute against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988); Haskell v. State Farm, 187 F. Supp. 2d 1241, 1248-49 (D. Hawaii 2002).

"[F]ederal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting Gaus, 980 F.2d at 566). "If at any time before final judgment it appears that the District Court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added).

When a case is instituted in state court and then removed to federal court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal

9

court . . . ." Gaus, 980 F.2d at 565 (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-90 (1938)). The Gaus court explained:

> The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement.
>
> If it is unclear what amount of damages the plaintiff has sought, as is true here with regard to [plaintiff's] claim . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.
>
> The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by a mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedures. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.

980 F.2d at 566-67 (citations omitted).

When the complaint does not allege a specific amount, as in this case, the removing defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional amount. Haskell, 187 F. Supp. 2d at 1249. "The jurisdictional facts must be judged at the time of the removal, and any post-petition affidavits are allowable only if

10

relevant to that period of time." Id. (quoting Dyrda v. Wal-Mart Stores, 41 F. Supp. 2d 943, 948 (D. Minn. 1999)).

Here, Plaintiffs' complaint is silent as to the amount claimed. Accordingly, the Defendants bear the burden of proving that the amount in controversy exceeds the $75,000 minimum for the court to maintain diversity jurisdiction. Because the Defendants have failed to meet that burden, the action must be remanded.

**B.    Class Member Claims May Not Be Aggregated To Satisfy The Amount In Controversy.**

The United States Supreme Court has held that – in calculating the amount in controversy for the purposes of diversity jurisdiction – parties may not aggregate the "separate and distinct" claims of aggrieved parties to achieve the jurisdictional minimum. Zahn v. International Paper Co., 414 U.S. 291, 292 (1973). This non-aggregation doctrine, the Court noted, involves a distinction between actions presenting the "separate and distinct" claims of multiple aggrieved individuals and cases involving "common and undivided" claims of a group of persons. Id. at 294. "[W]hen several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount," but the diversity jurisdiction statute does not permit such aggregation for the "separate and distinct" claims of multiple aggrieved parties. Id.

The Ninth Circuit has confirmed in three separate opinions that the determination of whether or not the doctrine of non-aggregation applies rests on whether the claims presented are "separate and distinct" or are "common and undivided." Gibson v. Chrysler Corp., 261 F.3d 927, 943 (9th Cir. 2001); In re Ford Motor Company/Citibank, N.A., 264 F.3d 952, 959 (9th Cir. 2001). Kanter v. Warner-Lambert Co., 265 F.3d 853, 858-61 (9th Cir. 2001). In each case, the Ninth Circuit emphasized that when "separate and distinct" claims of multiple aggrieved individuals are at issue, the party asserting diversity jurisdiction may not aggregate the claims of those persons in order to satisfy the amount in controversy requirement. Gibson, 261 F.3d at 943-44 (noting a "distinction between 'separate and distinct' claims which cannot be aggregated, and 'common and undivided' claims which can"); In re Ford Motor, 264 F.3d at 958-59; Kanter, 265 F.3d at 943-44 (noting that the Supreme Court's decision in Snyder v. Harris, 394 U.S. 332 (1969) forbade the aggregation of "separate and distinct" claims for the purposes of meeting the amount in controversy requirement).

This action does not seek to vindicate any rights peculiar to the class members <u>as a group</u> or any rights held in a <u>group status</u>. Rather, in this action, each class member seeks to vindicate its own right arising directly from Defendants' overcharges for insurance to it.

The class members did not purchase insurance as a group, and there is no single right to in which all have a "common and undivided interest." Each class member asserts his own right to damages based upon Defendants' separate overcharges to each class member. Each class member is entitled to its own damages based upon its own individual losses. While the allegations certainly arise from a common nucleus of operative facts and law (required for any class action), the claims are not "common and undivided" and are not held in a group status.

Accordingly, the claims of each class member may not be aggregated and Defendants must satisfy their burden to show the amount in controversy exceeds $75,000 by reference to the claims of the named plaintiffs alone. Because the only evidence that Defendants offer in support of removal is Plaintiffs' representation that the claims of all class members when aggregated will exceed $150,000, Defendants have failed to carry their burden, and the case should be remanded.

### C.  The Court Should Award Attorneys' Fees And Costs To Plaintiffs.

In remanding a case to state court, a court may order the payment of "just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Costs may be awarded even absent a showing of bad faith on the part of the removing party. Moore v.

13

Permanente Group, Inc., 981 F.2d 443, 446-47 (9th Cir. 1992). An award of attorneys' fees for wrongful removal is permissible even where removal was "fairly supportable," but wrong as a matter of law. See Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). Accordingly, Plaintiffs request that this Court award them their fees in an amount to be submitted to the court by affidavit.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' motion should be granted, and this Court should remand this case back to the Hawai'i Circuit Court and award Plaintiffs attorneys' fees and costs associated with this motion.

DATED: Honolulu, Hawaii, July 18, 2003.

JEFFREY P. CRABTREE
ROBERT M. HATCH
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was hand-delivered to the following persons at their last known address on July 18, 2003:

William C. McCorriston, Esq.
Jonathan H. Steiner, Esq.
Becky T. Chestnut, Esq.
McCorriston Miller Mukai MacKinnon LLP
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, HI 96813

_____
JEFFREY P. CRABTREE
ROBERT M. HATCH
Attorneys for Plaintiff

15