McCORRISTON MILLER MUKAI MacKINNON LLP

WILLIAM C. McCORRISTON    995-0
JONATHAN H. STEINER       6084-0
BECKY T. CHESTNUT         7756-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, HI 96813
Telephone: 529-7300

Attorneys for Defendant
STATE FARM FIRE AND CASUALTY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM INSURANCE; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 and DOE GOVERNMENTAL ENTITIES 1-10, <br><br> Defendants. | CIVIL NO. CV03 00312 HG BMK (Class Action) <br><br> DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MEMORANDUM IN OPPOSITION TO MOTION TO REMAND; DECLARATION OF BARBARA SEIFFERTT; CERTIFICATE OF SERVICE <br><br> HEARING <br> DATE:   September 19, 2003 <br> TIME:   2:00 p.m. <br> JUDGE:  Helen Gillmor |

60725_1.DOC

DEFENDANT STATE FARM FIRE AND CASUALTY
COMPANY'S MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

I.   INTRODUCTION

Plaintiffs herein have moved to remand this matter to Hawaii State Court, based on Defendant State Farm Fire & Casualty Company ("State Farm") having failed to establish that the amount in controversy requirement of $75,000 has been met. While Plaintiffs are correct that in determining the amount in controversy, the aggregation of the claims of all putative class members is not considered, jurisdiction in this case is proper because the amount in controversy with regards to the named Plaintiffs alone exceeds $75,000.

II.   STANDARD OF REVIEW

The Complaint herein does not state the amount of damages which the individually named Plaintiffs seek. While Plaintiffs' Request to Exempt Case from the Court Annexed Arbitration Program appears to indicate that more than $150,000 is in controversy, Plaintiffs now argue that this amount was in reference to the aggregate claims of all class members.

"Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [the jurisdictional minimum]." Singer v. State Farm Mutual Automobile Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997). The

Ninth Circuit has accepted the following as the "appropriate procedure for determining the amount in controversy on removal":

> The district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal."

Id. at 377. Affidavits (and therefore declarations pursuant to LR 7.6) submitted in response to a Motion to Remand can therefore be considered so long as they are relevant to the time period at or prior to the time of removal. See Dyrda v. Wal-Mart Stores, Inc., 41 F. Supp. 2d 943, 948 (D. Minn. 1999). "A post petition affidavit is relevant to clear up the ambiguity in the amount of damages that were alleged at the time of removal." Id. at 949. See also Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000) ("While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition."); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In Sierminski, the Eleventh Circuit affirmed the lower court's denial of a motion to remand, where the finding that the jurisdictional minimum was met was based on defendant's calculations regarding potential damages contained

in a declaration submitted in response to plaintiff's motion to remand.

III. DISCUSSION

As stated by Plaintiffs in their Motion to Remand, Plaintiffs seek, both for themselves and for other putative class members, to recover damages for State Farm's alleged "overcharging for insurance by annually inflating the amount of coverage and the corresponding premiums on its condominium policies." See Memorandum In Support of Motion at 6. Plaintiffs are seeking "inter alia, a refund of all amounts paid for overinsurance." Id. Therefore, the amount in controversy in this case is based, at a minimum, on the amount of potential refund of premium.

A review of the Complaint herein, and State Farm's calculations based on the facts as alleged, demonstrates that the amount in controversy exceeds the $75,000 jurisdictional minimum solely based on the named Plaintiffs claims. The Complaint, at ¶ 18, alleges, *inter alia*, as follows: "[O]n November 15, 2001 Lillian McCarty of Certified Management (property manager for the AOAO) wrote Gerald Lee, a sales agent for State Farm, addressing State Farm's belief that the actual replacement value of the subject property is $19,000,000." A fair reading of the paragraph, and the context in which it is put, shows that Plaintiffs are alleging that they were told by

State Farm that the actual replacement value of the subject property in 2001 was $19,000,000. Plaintiffs also allege that they have been insured under the Policy from 1984 through 2001. <u>See</u> Complaint at ¶ 16. Since the Complaint also seeks to define an allegedly certifiable a class based on the period from January 1, 1984 through the present, presumably Plaintiffs seek to recoup alleged premium refunds going back to 1984.[1]

State Farm has calculated the difference between the premium which was actually charged to Plaintiffs for the policy period beginning in July of 2001, and the premium which would have been charged if the policy limits had been set at $19,000,000. <u>See</u> Declaration of Barbara Seiffertt at ¶ 4.[2,3] That difference exceeds $18,000. <u>Id.</u> In addition, for several of the preceding years, had the policy limits been set at

---

[1]  State Farm denies that Plaintiffs should be allowed any recovery, much less recovery over such a large period of time, based, *inter alia*, on statute of limitations grounds. However, for the purposes of determining the amount in controversy, Plaintiffs are apparently alleging damages over this entire period of time.

[2]  A facsimile of Barbara Seiffertt's Declaration is attached hereto, and the original will be submitted as soon as it is received, and in any event within eleven days, pursuant to LR 10.2(e).

[3]  It is proper for this Court to consider the Declaration of Barbara Seiffertt in regards to this Motion to Remand, because the facts evidenced therein are relevant to the time period at or prior to the time of removal. <u>See</u> <u>Dyrda v. Wal-Mart Stores, Inc.</u>, 41 F. Supp. 2d 943, 948 (D. Minn. 1999).

$19,000,000 or less, then the difference between the resulting premium and the actual premium charged for each year would have averaged over $19,000. Id. at ¶ 5. Thus, one only has to go back four years for the amount of potential premium overcharges to exceed $75,000. Id. at ¶ 6.

Plaintiffs claim is silent as to the amount they seek to recover from State Farm, but the Complaint is clear that Plaintiffs seek a refund of premium based on alleged over-insurance of the subject property. The Complaint contains an allegation that the property should only have been insured for a policy limit of $19,000,000. The resulting premium difference for just four years, had the property been insured for $19,000,000, would have exceeded $75,000. The jurisdictional minimum for diversity jurisdiction is met.

IV. CONCLUSION

For the foregoing reasons, the Motion to Remand must be denied.

DATED: Honolulu, Hawaii, August 29, 2003.

WILLIAM C. McCORRISTON
JONATHAN H. STEINER
BECKY T. CHESTNUT

Attorneys for Defendant
STATE FARM FIRE AND CASUALTY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, BOARD OF DIRECTORS OF ASSOCIATION OF APARTMENT OWNERS OF THE BOUGAINVILLE, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>STATE FARM INSURANCE; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 AND DOE GOVERNMENTAL ENTITIES 1-10,<br><br>        Defendants. | CIVIL NO. CV03 00312 HG BMK<br>(Class Action)<br><br>DECLARATION OF BARBARA SEIFFERTT |

## DECLARATION OF BARBARA SEIFFERTT

I, BARBARA SEIFFERTT, declare that:

1. I am a Pricing Manager of the Property and Casualty Actuarial Department of State Farm Insurance Companies. As a consequence of my position with State Farm Insurance Companies, I have personal knowledge of the matters stated herein. I submit this declaration in support of State Farm Fire and Casualty Company's Memorandum in Opposition to Plaintiff's Motion for Remand.

2. In my capacity as Pricing Manager, I have knowledge regarding the premiums charged for coverage under the policy

purchased by The Bougainville Association of Apartment Owners, Policy No. 91-04-8995-5.

3. I have been informed and it is my understanding that in the Complaint filed by Plaintiffs herein, at paragraph 18 of the Complaint, Plaintiffs allege that they were informed in November of 2001 that the actual replacement value of the property insured was $19,000,000, and that Plaintiffs are alleging that they have been overcharged a premium based on coverage limits which exceed the actual replacement value of the insured property.

4. According to State Farm's records, for the period from July 12, 2001 to July 12, 2002, Plaintiffs ultimately paid a premium of $48,153. According to State Farm's calculations, the premium which would have been charged for the same policy based on policy limits of $19,000,000 would have been just over $30,000. Therefore, the difference in the premium which was actually charged for that period, and what would have been charged had the policy limit been $19,000,000, would have been at least $18,000.

5. According to State Farm's calculations, for several of the years preceding the 7/12/2001 - 7/12/2002 policy period, the difference between the premium which was actually charged for that period, and what would have been charged had the policy limit been $19,000,000, would have averaged over $19,000.

6. According to State Farm's calculations, based on the premiums which were actually charged and what would have been charged had the policy limit been $19,000,000, over a period of four years, the difference in total premium would certainly have exceeded $75,000.

I, BARBARA SEIFFERTT, do declare under penalty of law that the foregoing is true and correct.

DATED: Bloomington, Illinois, August 29, 2003

*Barbara Seiffertt*
BARBARA SEIFFERTT, ACAS, MAAA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE BOUGANVILLE, BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE BOUGANVILLE, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>STATE FARM INSURANCE; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>  Defendants. | CIVIL NO. CV03 00312 HG BMK (Class Action)<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the foregoing document was served on the following parties at their respective addresses by means of hand delivery:

>THOMAS R. GRANDE, ESQ.
>400 Davis Levin Livingston
>  Grande Place
>851 Fort Street
>Honolulu, Hawaii  96813

>  and

60725_1.DOC

```
JEFFREY P. CRABTREE, ESQ.
ROBERT M. HATCH, ESQ.
Pauahi Tower
1001 Bishop Street, Suite 2300
Honolulu, Hawaii 96813
```

Attorneys for Plaintiffs

DATED: Honolulu, Hawaii, August 29, 2003.

                                    WILLIAM C. McCORRISTON
                                    JONATHAN H. STEINER
                                    BECKY T. CHESTNUT

                                    Attorneys for Defendant
                                    STATE FARM FIRE AND CASUALTY
                                    COMPANY